IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, <br><br> *Plaintiffs*, <br> v. <br><br> DAIRY GROUP RECEIVABLES GP, LLC, a Delaware limited liability company; DAIRY GROUP RECEIVABLES, L.P., a Delaware limited partnership; DAIRY GROUP RECEIVABLES GP II, LLC, a Delaware limited liability company; DAIRY GROUP RECEIVABLES II, L.P., a Delaware limited partnership; FRANKLIN PLASTICS, INC., a Delaware corporation; and DF-AP #1, LLC, a Delaware limited liability company, <br> *Defendants*. | Case No. 25-cv-13796 <br><br> Judge <br><br> Magistrate Judge |

**COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendants Dairy Group Receivables GP, LLC; Dairy Group Receivables, L.P.; Dairy Group Receivables GP II, LLC; Dairy Group Receivables II, L.P; Franklin Plastics, Inc.; and DF-AP #1, LLC allege as follows:

**JURISDICTION AND VENUE**

1. This action is brought and maintained in accordance with the provisions of ERISA, as amended by MPPAA, 29 U.S.C. § 1001 *et seq*., and is a suit for collection of withdrawal liability, interest and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under 29 U.S.C. §§ 1132(e)(2) and 1451(d) because Central States, Southeast and Southwest Areas Pension Fund (the "Fund") is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Chicago, Illinois.

## PARTIES

4. The Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Fund within the meaning of 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Fund within the meaning of 29 U.S.C. § 1301(a)(10). The Trustees administer the Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey are authorized to bring this action on behalf of the Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Dairy Group Receivables GP, LLC f/k/a Suiza Receivables GP, LLC ("Dairy GP LLC") is a limited liability company organized under the laws of Delaware.

8. Defendant Dairy Group Receivables, L.P. f/k/a Suiza Receivables, L.P. ("Dairy LP") is a limited partnership organized under the laws of Delaware.

9. Defendant Dairy Group Receivables GP II, LLC ("Dairy GP LLC II") is a limited liability company organized under the laws of Delaware.

10. Defendant Dairy Group Receivables II, L.P. ("Dairy LP II") is a limited partnership organized under the laws of Delaware.

11. Defendant Franklin Plastics, Inc. ("Franklin Plastics") is a corporation organized under the laws of Delaware.

12. Defendant DF-AP #1, LLC ("DF-AP #1") is a limited liability company organized under the laws of Delaware.

## BACKGROUND

**I. The non-party entities that previously had an obligation to contribute to the Fund.**

13. A set of non-party entities—which, as shown in Part II of this Background section, were under common control with each other and the Defendants on or about April 23, 2020—previously had an obligation to contribute to the Fund.

14. Specifically, non-party Dean Foods Company was previously bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters, under which Dean Foods Company was required to contribute to the Fund on behalf of certain of its employees.

15. Non-party Dean Foods North Central, LLC was previously bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters, under which Dean Foods North Central, LLC was required to contribute to the Fund on behalf of certain of its employees.

16. Non-party Dean Foods of Wisconsin, LLC was previously bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters, under which Dean Foods of Wisconsin, LLC was required to contribute to the Fund on behalf of certain of its employees.

17. Non-party Dean Dairy Holdings, LLC was previously bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of

Teamsters, under which Dean Dairy Holdings, LLC was required to contribute to the Fund on behalf of certain of its employees.

18. Non-party Dean Transportation, Inc. was previously bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters, under which Dean Transportation, Inc. was required to contribute to the Fund on behalf of certain of its employees.

19. Non-party Country Fresh, LLC was previously bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters, under which Country Fresh, LLC was required to contribute to the Fund on behalf of certain of its employees.

20. Non-party Reiter Dairy, LLC was previously bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters, under which Reiter Dairy, LLC was required to contribute to the Fund on behalf of certain of its employees.

21. Non-party Suiza Dairy Group, LLC was previously bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters, under which Suiza Dairy Group, LLC was required to contribute to the Fund on behalf of certain of its employees.

22. Non-party Southern Foods Group, LLC was previously bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters, under which Southern Foods Group, LLC was required to contribute to the Fund on behalf of certain of its employees.

23. Non-party Verifine Dairy Products of Sheboygan, LLC was previously bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters, under which Verifine Dairy Products of Sheboygan, LLC was required to contribute to the Fund on behalf of certain of its employees.

24. Non-party Midwest Ice Cream Company, LLC was previously bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters, under which Midwest Ice Cream Company, LLC was required to contribute to the Fund on behalf of certain of its employees.

25. The non-party entities referred to in paragraphs 14 through 24 above (*i.e.*, Dean Foods Company; Dean Foods North Central, LLC; Dean Foods of Wisconsin, LLC; Dean Dairy Holdings, LLC; Dean Transportation, Inc.; Country Fresh, LLC; Reiter Dairy, LLC; Suiza Dairy Group, LLC; Southern Foods Group, LLC; Verifine Dairy Products of Sheboygan, LLC; and Midwest Ice Cream Company, LLC) shall collectively be referred to as the "Former Fund Participants."

**II.  The common ownership of Defendants and the Former Fund Participants.**

26. On or about April 23, 2020, Former Fund Participant Dean Foods Company directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote of non-party Franklin Holdings, Inc. and/or at least 80% of the total value of outstanding shares of all classes of stock of non-party Franklin Holdings, Inc.

27. On or about April 23, 2020, non-party Franklin Holdings, Inc. directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote of Defendant Franklin Plastics and/or at least 80% of the total value of outstanding shares of all classes of stock of Defendant Franklin Plastics.

28. On or about April 23, 2020, Former Fund Participant Dean Foods Company directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of non-party DFC Energy Partners, LLC.

29. On or about April 23, 2020, non-party DFC Energy Partners, LLC directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of Defendant DF-AP #1.

30. On or about April 23, 2020, Former Fund Participant Dean Foods Company directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of Former Fund Participant Suiza Dairy Group, LLC.

31. On or about April 23, 2020, Former Fund Participant Suiza Dairy Group, LLC directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of Former Fund Participant Dean Foods of Wisconsin, LLC.

32. On or about April 23, 2020, Former Fund Participant Suiza Dairy Group, LLC directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of non-party Dean East, LLC.

33. On or about April 23, 2020, non-party Dean East, LLC directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of Former Fund Participant Country Fresh, LLC.

34. On or about April 23, 2020, Former Fund Participant Suiza Dairy Group, LLC directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of Former Fund Participant Dean West, LLC.

35. On or about April 23, 2020, non-party Dean West, LLC directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of Former Fund Participant Southern Foods Group, LLC.

36. On or about April 23, 2020, Former Fund Participant Suiza Dairy Group, LLC directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of Defendant Dairy GP LLC.

37. On or about April 23, 2020, Former Fund Participant Suiza Dairy Group, LLC directly or indirectly owned at least 80% of the profits or capital interest of Defendant Dairy LP.

38. From before April 23, 2020 through present, Defendant Dairy GP LLC has been a general partner of Defendant Dairy LP.

39. On or about April 23, 2020, Former Fund Participant Dean Foods Company directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote of non-party Dean Holding Company (a corporation) and/or at least 80% of the total value of outstanding shares of all classes of stock of non-party Dean Holding Company.

40. On or about April 23, 2020, non-party Dean Holding Company directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of Former Fund Participant Dean Dairy Holdings, LLC.

41. On or about April 23, 2020, Former Fund Participant Dean Dairy Holdings, LLC directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote of Former Fund Participant Dean Transportation, Inc. and/or at least 80% of the total value of outstanding shares of all classes of stock of Former Fund Participant Dean Transportation, Inc.

42. On or about April 23, 2020, Former Fund Participant Dean Dairy Holdings, LLC directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of non-party Dean East II, LLC.

43. On or about April 23, 2020, non-party Dean East II, LLC directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of Former Fund Participant Dean Foods North Central, LLC.

44. On or about April 23, 2020, non-party Dean East II, LLC directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of Former Fund Participant Reiter Dairy, LLC.

45. On or about April 23, 2020, non-party Dean East II, LLC directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of Former Fund Participant Midwest Ice Cream Company, LLC.

46. On or about April 23, 2020, non-party Dean East II, LLC directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of Former Fund Participant Verifine Dairy Products of Sheboygan, LLC.

47. On or about April 23, 2020, Former Fund Participant Dean Dairy Holdings, LLC directly or indirectly owned at least 80% of the total membership interest or at least 80% of the profits or capital interest of Defendant Dairy GP LLC II.

48. Similarly, on or about April 23, 2020, Former Fund Participant Dean Dairy Holdings, LLC directly or indirectly owned at least 80% of the profits or capital interest of Defendant Dairy LP II.

49. From before April 23, 2020 through present, Defendant Dairy GP LLC II has been a general partner of Defendant Dairy LP II.

II.     **Defendants' operations.**

    A.     **Dairy GP LLC.**

50.     On or about June 28, 2000, a certificate of formation for Defendant Dairy GP LLC was filed with the Delaware Secretary of State.

51.     From on or about June 28, 2000 through present, Defendant Dairy GP LLC has been a formally organized limited liability company under Delaware law.

52.     Also, on or about June 28, 2000, Defendant Dairy GP LLC, as a general partner of Defendant Dairy LP, executed a certificate of limited partnership for Defendant Dairy LP in which Defendant Dairy GP LLC identified its own "business address."

    B.     **Dairy LP.**

53.     On or about June 28, 2000, a certificate of limited partnership for Defendant Dairy LP was filed with the Delaware Secretary of State.

54.     From on or about June 28, 2000 through present, Defendant Dairy LP has been a formally registered limited partnership under Delaware law.

55.     During a period beginning on or about December 21, 2001 and ending in or around November 2019, Defendant Dairy LP entered into receivables sales agreements pursuant to which it repeatedly purchased accounts receivable of twelve affiliates of Dean Foods Company.

56.     During a period beginning in or around December 21, 2001 and ending in or after May 2020, Defendant Dairy LP entered into at least nine receivables purchase agreements (and multiple amendments to those agreements) pursuant to which it repeatedly sold to financial institutions interests in the accounts receivable of the twelve affiliates of Dean Foods Company referred to in paragraph 55.

57. In Section 5.1(a) of the Ninth Amended and Restated Receivables Purchase Agreement entered into in November 2019, Defendant Dairy LP represented and warranted that it was "duly qualified to do business," and that it held "all governmental licenses, authorizations, consents and approvals required to carry on its business in each jurisdiction in which its business is conducted except to the extent that the failure to so qualify or hold could not reasonably be expected to have a Material Adverse Effect."

58. In Section 5.1(k) of the Ninth Amended and Restated Receivables Purchase Agreement entered into in November 2019, Defendant Dairy LP represented and warranted that it had a "principal place[] of business."

59. In Section 7.1(i)(A) of the Ninth Amended and Restated Receivables Purchase Agreement entered into in November 2019, Defendant Dairy LP covenanted that it would "conduct its own business in its own name."

60. In Section 7.1(i)(L) of the Ninth Amended and Restated Receivables Purchase Agreement entered into in November 2019, Defendant Dairy LP made certain covenants regarding how it would "operate its business and activities."

**C.    Dairy GP LLC II.**

61. On or about May 14, 2002, a certificate of formation for Defendant Dairy GP LLC II was filed with the Delaware Secretary of State.

62. From on or about May 14, 2002 through present, Defendant Dairy GP LLC II has been a formally organized limited liability company under Delaware law.

63. In or around May 2002, Defendant Dairy GP LLC II applied for and received a Federal Employer Identification Number ("FEIN").

64. On or about March 31, 2002, Defendant Dairy GP LLC II, as a general partner of Defendant Dairy LP II, executed a certificate of limited partnership for Defendant Dairy LP II in which Defendant Dairy GP LLC II identified its own "business address."

**D.  Dairy LP II.**

65. On or about May 14, 2002, a certificate of limited partnership for Defendant Dairy LP II was filed with the Delaware Secretary of State.

66. From on or about May 14, 2002 through present, Defendant Dairy LP II has been a formally registered limited partnership under Delaware law.

67. In addition, in or around May 2002, Defendant Dairy LP II applied for and received an FEIN.

68. During a period beginning in or around 2002 and ending in or around November 2019, Defendant Dairy LP II entered into multiple receivables sale agreements pursuant to which it repeatedly purchased the accounts receivable of ten affiliates of Dean Foods Company (all different entities than the twelve affiliates referenced in paragraph 55).

69. During a period beginning in or around 2002 and ending in or after May 2020, Defendant Dairy LP II entered into multiple receivables purchase agreements pursuant to which it sold to financial institutions interests in the accounts receivable of the ten affiliates of Dean Foods Company referred to in paragraph 68.

70. In Section 5.1(a) of the Ninth Amended and Restated Receivables Purchase Agreement entered into in November 2019, Defendant Dairy LP II represented and warranted that it was "duly qualified to do business," and that it held "all governmental licenses, authorizations, consents and approvals required to carry on its business in each jurisdiction in which its business

is conducted except to the extent that the failure to so qualify or hold could not reasonably be expected to have a Material Adverse Effect."

71. In Section 5.1(k) of the Ninth Amended and Restated Receivables Purchase Agreement entered into in November 2019, Defendant Dairy LP II represented and warranted that it had a "principal place[] of business."

72. In Section 7.1(i)(A) of the Ninth Amended and Restated Receivables Purchase Agreement entered into in November 2019, Defendant Dairy LP II covenanted that it would "conduct its own business in its own name."

73. In Section 7.1(i)(L) of the Ninth Amended and Restated Receivables Purchase Agreement entered into in November 2019, Defendant Dairy LP II made certain covenants regarding how it would "operate its business and activities."

### E. Franklin Plastics, Inc.

74. On or about July 24, 1997, a certificate of incorporation for Defendant Franklin Plastics was filed with the Delaware Secretary of State.

75. From on or about July 24, 1997 through present, Defendant Franklin Plastics has been a formally incorporated corporation under Delaware law.

76. In or around July 1997, Defendant Franklin Plastics applied for and received an FEIN.

77. On or about July 16, 2001, Defendant Franklin Plastics filed with the Delaware Secretary of State an amended and restated certificate of incorporation.

### F. DF-AP #1.

78. On or about April 9, 2008, a certificate of formation for Defendant DF-AP #1 was filed with the Delaware Secretary of State.

79. From on or about April 9, 2008 through present, Defendant DF-AP #1 has been a formally organized limited liability company under Delaware law.

80. In or around April 2008, Defendant DF-AP #1 applied for and received an FEIN.

81. On or about April 17, 2008, Defendant DF-AP #1 filed an "Application for Registration of Foreign Limited Liability Company" with the Idaho Secretary of State, which application was granted on or about April 17, 2008.

82. For each year from 2009 through 2025, Defendant DF-AP #1 filed annual reports with the Idaho Secretary of State.

83. In 2008, Defendant DF-AP #1 entered into a 20-year firm energy sales agreement with Idaho Power Company in which Defendant DF-AP #1 agreed to produce energy and sell that energy to Idaho Power Company.

84. Subsequently, during a period beginning before January 1, 2010 and continuing through present, Defendant DF-AP #1 has operated a location in Idaho where it uses an anaerobic digester to turn organic waste products into energy, which energy it then sells to Idaho Power Company pursuant to the firm energy sales agreement referenced in the previous paragraph.

## CLAIM FOR RELIEF

85. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 84 of this Complaint as though fully set forth herein

86. In light of the facts set forth above, including those set forth in paragraphs 26 through 49, on or about April 23, 2020, the Former Fund Participants, Defendant Dairy GP LLC, Defendant Dairy LP, Defendant Dairy GP LLC II, Defendant Dairy LP II, Defendant Franklin Plastics, and Defendant DF-AP #1 were all "under common control" within the meaning of 29 U.S.C. § 1301(b)(1) and the regulations thereunder.

87. Further—in light of the facts set forth above, including those set forth in paragraphs 26 through 84—on or about April 23, 2020, the Former Fund Participants and all trades or businesses under common control with them on that date (including but not limited to Defendant Dairy GP LLC, Defendant Dairy LP, Defendant Dairy GP LLC II, Defendant Dairy LP II, Defendant Franklin Plastics, and Defendant DF-AP #1) were a group of trades or businesses under common control (the "Dean Foods Controlled Group") and therefore constituted a single employer within the meaning of 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder.

88. The Dean Foods Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

89. The Fund determined that on or about April 23, 2020, the Dean Foods Controlled Group permanently ceased to have an obligation to contribute to the Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Fund within the meaning of 29 U.S.C. § 1383.

90. As a result of this complete withdrawal, the Dean Foods Controlled Group incurred joint and several withdrawal liability to the Fund under 29 U.S.C. § 1381.

91. On November 12, 2019, the Former Fund Participants and certain other members of the Dean Foods Controlled Group, not including any of the Defendants, filed Chapter 11 bankruptcy actions in the United States Bankruptcy Court for the Southern District of Texas (19-bk-36313 through 19-bk-36355, S.D. Tex.) (collectively, the "Bankruptcy").

92. On March 17, 2020, the Fund filed proofs of claim for the withdrawal liability against each of the debtors in the Bankruptcy. (Claims Nos. 1829-1870 & 2414 in the Bankruptcy.) Each proof of claim was for an estimated amount ($775,729,339.44) because certain actuarial

figures necessary to calculate the withdrawal liability had not yet been determined by the Fund's actuary.

93. On January 28, 2021, the Fund on the one hand and the debtors in the Bankruptcy on the other hand entered into a stipulation which stated that the Fund was asserting that the amount of the withdrawal liability was $927,602,206.40. (19-bk-36313, S.D. Tex., Dkt No. 3406 at p. 3.) The Fund calculated this amount after receiving from the Fund's actuary the actuarial figures referenced in the previous paragraph.

94. Thus, by no later than January 28, 2021, the Dean Foods Controlled Group, through the debtors in the Bankruptcy, had received a notice and a demand for payment of withdrawal liability in the principal amount of $927,602,206.40, in satisfaction of the requirements of 29 U.S.C. §§ 1382(2) and 1399(b)(1).

95. The Dean Foods Controlled Group did not timely initiate arbitration pursuant to U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Fund are due and owing pursuant to 29 U.S.C. § 1401(b)(1).

96. As members of the Dean Foods Controlled Group, each of the Defendants are jointly and severally liable to the Fund for the withdrawal liability.

97. In addition, Defendant Dairy GP LLC is jointly and severally liable for the withdrawal liability for the additional reason that, as a general partner of Defendant Dairy LP, it is liable for Defendant Dairy LP's liabilities, including the withdrawal liability that Defendant Dairy LP owes as a member of the Dean Foods Controlled Group.

98. Likewise, Defendant Dairy GP LLC II is jointly and severally liable for the withdrawal liability for the additional reason that, as a general partner of Defendant Dairy LP II,

it is liable for Defendant Dairy LP II's liabilities, including the withdrawal liability that Defendant Dairy LP II owes as a member of the Dean Foods Controlled Group.

99. On or about October 28, 2022, the Fund received a $3,750,000.00 distribution in the Bankruptcy relating to its withdrawal liability claim.

100. On or about December 15, 2023, the Fund received a $10,790,734.94 distribution in the Bankruptcy relating to its withdrawal liability claim.

101. The Fund applied the entire $14,540,734.94 of distributions in the Bankruptcy to the principal amount ($927,602,206.40) of the withdrawal liability. Accordingly, the amount of the outstanding withdrawal liability principal is $913,061,471.46 (*i.e.*, $927,602,206.40, less $14,540,734.94).

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, and on behalf of Plaintiffs, pursuant to 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

    (i) $913,061,471.46 in withdrawal liability principal;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii) an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

    (iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by

JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

      (c)    Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/Erika M. Wagner*
Erika M. Wagner (ARDC #6346582)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 939-2177
ewagner@centralstatesfunds.org

November 11, 2025                *ATTORNEY FOR PLAINTIFFS*